**Affirmed and Opinion Filed February 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00205-CR

**MATTHEW GERALD FUGATE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. CR12-1727**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

Matthew Gerald Fugate appeals his driving while intoxicated (DWI) conviction. The trial court found appellant guilty and sentenced him to ninety days' confinement in the Rockwall County Jail, probated for twenty-four months, and a $1000 fine. In a single issue, appellant argues the trial court erred in denying his motion to suppress. We affirm the trial court's judgment.

On October 6, 2012, Rockwall police officer John Arrowood, in uniform and driving a marked police car, was driving behind a car at approximately 12:35 a.m. Arrowood saw a Mustang approaching from the opposite direction. The Mustang drifted over the center line of the road "so much that the vehicle in front of me actually has to hit its brakes to keep from a collision occurring, and the Mustang pulls back into its lane." Arrowood turned around and

began following the Mustang. The Mustang was "drifting" from the center line of the road to the "fog line." "He never would cross them, but he would drift between them, so he was weaving within his lane." Based on the time of night, the fact the driver of the Mustang had committed a traffic code violation, and the fact that the driver was weaving, Arrowood formed the belief that the driver of the Mustang was intoxicated. Arrowood activated the lights on his car and pulled the Mustang over. The driver, appellant, had "red, bloodshot, glassy eyes" and "a red, flushed face." Arrowood smelled a "strong" odor of alcohol coming from appellant's breath. Appellant stated he had "three Long Island Iced Teas and two other drinks." When appellant got out of his car, he was unsteady on his feet. Based on field sobriety tests and the totality of the circumstances, Arrowood concluded appellant was intoxicated and arrested appellant.

Appellant filed a motion to suppress asserting Arrowood's traffic stop of appellant was made without a valid search warrant and was unsupported by reasonable suspicion or probable cause. At a hearing on appellant's motion to suppress, Arrowood testified about appellant nearly colliding with another car and drifting from side to side. In addition to Arrowood's testimony, the State introduced the video recording from Arrowood's patrol car. The trial court denied appellant's motion to suppress. Following a trial before the court, the trial court found appellant guilty of DWI, and this appeal followed.

In a single issue, appellant argues the trial court erred in overruling his motion to suppress. Specifically, appellant argues the video from Arrowood's patrol car contradicts Arrowood's testimony that appellant crossed the center line of the road, thus committing a traffic violation.

We review a trial court's ruling on a motion to suppress for an abuse of discretion, and we will overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013); *Martinez v. State*, 348 S.W.3d

919, 922 (Tex. Crim. App. 2011).  We apply a bifurcated standard of review, giving almost complete deference to the trial court's determination of historical facts and mixed questions of law and fact and that rely upon an assessment of the credibility and demeanor of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations.  *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013; *Martinez*, 348 S.W.3d at 923.  That same deferential standard of review "applies to a trial court's determination of historical facts [even] when that determination is based on a videotape recording admitted into evidence at a suppression hearing."  *State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013) (quoting *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006)).

Here, Arrowood testified appellant's Mustang drifted over the center line of the road so much that the vehicle in front of Arrowood had to hit its brakes to prevent a collision, and the Mustang then pulled back into its lane.  The video from Arrowood's car shows oncoming headlights as the Mustang approached and the vehicle in front of Arrowood putting on its brakes as the Mustang passed by.  Arrowood turned around and followed the Mustang, which drifted across the lane in which it was traveling and drove onto the center line of the road.  In the video, as the Mustang's headlights draw even with the vehicle in front of Arrowood, the Mustang appears to be veering into Arrowood's lane.  The video thus comports with Arrowood's testimony.  Under these circumstances, we conclude the trial court did not abuse its discretion in overruling appellant's motion to suppress.  *See Johnson*, 414 S.W.3d at 192; *Martinez*, 348 S.W.3d at 922.  We overrule appellant's single issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47                              /David L. Bridges/
140205F.U05                                     DAVID L. BRIDGES
                                                JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW GERALD FUGATE, Appellant

No. 05-14-00205-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. CR12-1727.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 5, 2015.